645 So.2d 1020 (1994)
Everett S. RICE, Sheriff of Pinellas County, Appellant/Cross-Appellee,
v.
Lawrence P. BROWN, as Personal Representative of the Estate of Judith A. Brown, deceased, and Susan A. Brown, deceased, and on behalf of survivor, Lawrence P. Brown, individually, as parent of Judith A. Brown, deceased, and Susan A. Brown, deceased, Appellee/Cross-Appellant.
Nos. 93-02520, 93-02757.
District Court of Appeal of Florida, Second District.
October 12, 1994.
Rehearing Denied November 18, 1994.
*1021 Howard M. Bernstein, Sr. Asst. County Atty., Clearwater, for appellant/cross-appellee Everett Rice.
Stevan T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for appellee/cross-appellant Lawrence P. Brown.
FRANK, Chief Judge.
Lawrence and Ada Brown, the parents and personal representatives of the estates of the decedents Judith A. Brown and Susan A. Brown, filed suit against several defendants,[1] including Everett S. Rice, the Sheriff of Pinellas County, alleging that his department negligently and carelessly pursued a traffic offender at high speed.[2] The chase had covered more than twenty miles when the offender struck the car occupied by Judith and Susan, causing their deaths.
The evidence disclosed that Ada Brown, who died prior to trial, did not drive and that her transportation needs were frequently met by Judith and Susan. The daughters also assisted their mother in household chores. Although both girls lived with their parents, they did not pay rent or board or contribute financially to their parents' support. At the time of their deaths, Judith was 20, and Susan was 23.
The jury awarded damages in excess of $7,000,000, which included $2,500,000 for the loss to Mr. Brown of his daughters' services. After the final judgment was entered, the Sheriff timely filed separate motions for new trial on all issues and for new trial or a remittitur on the issue of damages. The trial court denied the comprehensive motion for new trial but reserved ruling on whether to remit a portion of the award representing compensation for the lost services of Brown's deceased children. Thereafter, the Sheriff filed a notice of appeal from the final judgment and the trial court's refusal to grant a new trial. Following the filing of that notice, the trial court issued an order granting the Sheriff's motion for remittitur. Brown responded to the trial court's remittitur order by filing a notice of cross appeal.
There is no dispute that rule 9.020(g)(3) of the Florida Rules of Appellate Procedure is applicable to this matter:
[I]f a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing, ... the following exceptions apply: ... If such a motion or motions have been filed and a notice of appeal is filed before the filing of a signed written order disposing of all such motions, all motions filed by the appealing party that are pending at the time shall be deemed abandoned, and the final order shall be deemed rendered by the filing of the notice of appeal as to all claims between parties who then have no such motions pending between them.
Thus, there is no disagreement that the Sheriff's notice of appeal divested the trial court of jurisdiction to enter the remittitur order, and that his motion for remittitur was effectively abandoned.
Before the Sheriff invoked the jurisdiction of this court, however, the trial court denied the motions for new trial. In the motions for new trial the Sheriff did include a challenge to the $2,500,000 award for loss of services and that issue remains for judicial review wholly unaffected by the abandonment of the motion for remittitur and the related but ineffective order. We agree, therefore, with the Sheriff, but only to the extent of noting that the $2,500,000 award was excessive and against the manifest weight of the evidence.
In Florida, a surviving parent may recover the value of a deceased minor's services *1022 reduced to present value. § 768.21(1), Fla. Stat. (1983). When a surviving parent sues for loss of services, recovery is limited to the value of those services from the date of the child's death to the date on which the child would have reached majority. See Roberts v. Holloway, 581 So.2d 619 (Fla. 4th DCA 1991). The material consideration in an evaluation of lost services is the replacement value of those services to the survivors. § 768.21(1), Fla. Stat. (1983). We have reviewed the evidence of lost services and, simply put, we have found absolutely no predicate for such a grand verdict. For purposes of the Wrongful Death Act, Susan Brown would have reached "majority" in two years; Judith would have reached that status in five years. § 768.18(2), Fla. Stat. (1983) (period of minority ends at age 25 when measuring loss of services). Brown submitted no proof revealing the cost of replacing the services his daughters provided their mother. It is inconceivable that the value of the household tasks and the transportation that Judith and Susan provided could have approached $2,500,000 in the few remaining years that such lost services were compensable. This case, however, is governed by principles associated with sovereign immunity, and in spite of apparent excessiveness, the verdict, as we demonstrate below, does not require further judicial intervention.
Tort judgments against state agencies may not be judicially enforced in an amount exceeding $200,000 for all claims arising out of one incident. § 768.28(5), Fla. Stat. (1983).[3] In spite of section 768.28's imposition of a cap limiting tort recovery, a plaintiff may petition the legislature in an effort to secure compensatory relief in excess of the statutory limit. Pursuant to the claims bill procedure, the legislature may choose to increase the plaintiff's recovery. The record reflects that Brown has received settlements from other parties totaling $900,000. Assuming the Sheriff is entitled to a full offset for the $900,000 from other sources, the judiciary's role in the enforcement of this judgment would end at $1,100,000. The Sheriff had requested in its motion for remittitur that judgment in this case be entered in the amount of $2,000,000. Thus, there appears to be no dispute that the reasonable value of this case is greater than the level of recovery permissible in a tort action against a governmental agency.
Accordingly, we vacate the trial court's remittitur order, but affirm the final judgment. Brown, of course, is free to seek additional compensation through a legislative claims bill.
RYDER and ALTENBERND, JJ., concur.
NOTES
[1] The other named defendants, the City of Pinellas Park and the City of Kenneth City, settled with the plaintiffs prior to trial.
[2] This lawsuit was initially dismissed in the trial court based upon sovereign immunity. We reversed the trial court, concluding that the Sheriff's Department was not immune from liability for its actions in this instance, but we certified that question to the supreme court. Brown v. City of Pinellas Park, 557 So.2d 161 (Fla.2d DCA 1990). The supreme court answered the certified question, approved our decision, and remanded the cause to the trial court with directions to reinstate the complaint. Brown v. City of Pinellas Park, 604 So.2d 1222 (Fla. 1992). The verdict rendered in the trial on the merits is the subject of the present controversy.
[3] At the time of the subject accident, section 768.28(5) provided in relevant part:

Neither the state nor its agencies or subdivisions shall be liable to pay a claim or a judgment by any one person which exceeds the sum of $100,000 or any claim or judgment, or portions thereof, which, when totaled with all other claims or judgments paid by the state or its agencies ... arising out of the same incident or occurrence, exceeds the sum of $200,000. However, a judgment ... may be claimed or rendered in excess of these amounts and may be settled and paid pursuant to this act up to $100,000 or $200,000, as the case may be; and that portion of the judgment that exceeds these amounts may be reported to the Legislature, but may be paid in part or in whole only by further act of the Legislature.