KLEIN, J.
The issue in this case is whether the trial court abused its discretion in striking a witness named by the defendants in a supplemental witness list which was served closer to the trial date than was authorized by the pretrial order.
Appellee plaintiff was injured in an automobile accident, and there were issues as to whether she had been wearing her seatbelt and if not, whether that contributed to her injuries. The pretrial order required the plaintiff to exchange names, curricula vitae and a summary of the opinions of all experts sixty days before calendar call. The same order gave defendants fifty days. Both sides timely listed experts.
After the trial was continued to September 8, 1997, defendants served a supplemental witness list on August 15,1997, which included the name of Lew Pytell. This list did not state that Pytell was an expert or contain the information required for experts.
*905 On August 22, 1997 plaintiff moved to strike Pytell’s name, alleging prejudice in that plaintiff would be unable to prepare to rebut his testimony by September 8. The case was then reset, because of the absence of another expert, for October 8. The hearing on plaintiffs motion to strike Pytell occurred on September 3, and the court entered an order striking him as a witness on September 15. The trial began on October 20, resulting in a verdict for plaintiff.
Defendants rely on the seminal case governing the allowance of the testimony of undisclosed witnesses, Binger v. King Pest Control, 401 So.2d 1310, 1314 (Fla.1981), which holds that trial courts “should be guided largely by a determination as to whether use of the undisclosed witness will prejudice the objecting party.” Defendants argue that there was no prejudice here because Pytell was going to replace their prior expert whose testimony on the seatbelt issue had been disclosed.
The problem is that the defendants did not advise plaintiff that Pytell was an expert, that he was replacing defendants’ prior expert, or that he was going to testify about the seatbelt. If the required information had been supplied on the supplemental witness list, the trial court might well have allowed the witness to testify because there would have been no prejudice to plaintiff. Nor was the information about the expert even proffered on the record. In the absence of a proffer, the defendants are not able to demonstrate an abuse of the trial court’s “broad” discretion. Binger, 401 So.2d at 1312.
Affirmed.
WARNER, J., and OWEN, WILLIAM C., JR., Senior Judge, concur.