725 So.2d 1264 (1999)
Dorothy NICHOLSON, Personal Representative of the Estate of Alrick Nicholson, deceased; Dorothy Nicholson, individually, Kenley Nicholson; Arlene Fargaharson, Mother and next of friend of minor child, Collin G. Nicholson; and Arlene Fargaharson, individually, Appellants,
v.
HOSPITAL CORPORATION OF AMERICA, d/b/a Plantation General Hospital; Dr. F. Gary Gieseke, M.D. and Dr. Morris V. Epstein, M.D., jointly and severally, Appellees.
No. 96-2835
District Court of Appeal of Florida, Fourth District.
February 3, 1999.
Darryl L. Lewis of Hutchinson & Lewis, P.A., Fort Lauderdale, for appellants.
Esther E. Galicia of George, Hartz, Lundeen, Flagg & Fulmer, Fort Lauderdale, for Appellee-Dr. Morris V. Epstein, M.D.
*1265 OWEN, WILLIAM C., Jr., Senior Judge.
Alrick Nicholson, severely injured in an automobile collision, was admitted to the hospital where he remained under treatment until he expired approximately five weeks later. This wrongful death action against his health care providers alleged that their negligent care caused decedent's death. Plaintiffs' appeal from the judgment entered on a jury verdict for the defendants asserts trial errors. We affirm.
Appellants' principal point is that the trial court erred in refusing their requested jury instruction on proximate cause. The requested instruction is not in the record, a flaw which renders us unable to determine whether the trial court committed reversible error in refusing to give the instruction. Maine Ins. Co., v. Raser, 240 So.2d 163, 164 (Fla. 3d DCA 1970). Appellants seek to avoid this hurdle by telling us, in their brief, the substance of the requested instruction. That is neither an accepted nor acceptable practice. Nonetheless, we are constrained to comment, albeit by way of dicta, on the substantive issue.
There was conflicting evidence on the issue of whether decedent died from the injuries sustained in the automobile collision or from pneumonia brought on by the attending physician's alleged negligent failure to order a tracheostomy cuff re-inflated. According to appellants' brief, the requested jury instruction "would have told the jury that if they found that Defendants' negligence deprived Mr. Nicholson of a better than even chance of survival, then they must find for the Plaintiffs". Appellants' argument is that (1) the requested instruction accurately states the applicable law as set out in Gooding v. University Hosp. Bldg. Inc., 445 So.2d 1015 (Fla.1984); (2) the facts supported giving it; and (3) the instruction was necessary to allow the jury to properly resolve all the issues in the case.
Contrary to appellants' argument, Gooding does not support the requested instruction, in fact, it supports the trial court's refusal to give it. In that case the court held that a plaintiff in a medical malpractice action, in order to establish a jury question on proximate cause, must show that more likely than not the injury [or death] resulted from the defendant's negligence, the mere showing that defendant's conduct decreased the chance of survival not being sufficient.[1] Here, the instruction, as worded, was preemptive without regard to the sufficiency of the proof that defendants' conduct probably caused decedent's death.
As a separate point, appellants contend that the trial court erred in precluding one of their expert witnesses, Dr. Lee, from stating her opinion that decedent's death was the result of aspiration pneumonia caused, in part, by the trach cuff remaining deflated at a critical time. It was the trial court's view that because Dr. Lee had earlier testified decedent had less than a 50% chance of survival when he was admitted to the hospital on September 4, 1988, her opinion on the cause of death would not meet the Gooding standard. We agree that this was error. While there must be some evidence showing that the injury [death] more likely than not resulted from the defendant's negligence, Gooding certainly does not establish a requirement that each expert must so testify as a prerequisite to being permitted to offer an opinion as to the cause of death. Furthermore, even if that was a prerequisite, the time reference should have been applied at the time the malpractice is alleged to have been committed.[2] It is clear to us, however, that the error in excluding Dr. Lee's opinion on this issue was harmless. Her proffered testimony on this issue was cumulative to the testimony of two other experts who essentially testified to the same opinion. See Sims v. Brown, 574 So.2d 131, 134 (Fla.1991); Roberts v. Holloway, 581 So.2d 619 (Fla. 4th DCA 1991).
*1266 The remaining points in appellants' brief neither demonstrate reversible error nor require discussion.
AFFIRMED.
STONE, C.J., and KLEIN, J., concur.
NOTES
[1] As the trial court properly recognized, this is simply an evidentiary standard by which the trial judge determines whether the evidence on proximate [legal] cause is sufficient to permit the issue to go to the jury. The plaintiffs met that burden in this case.
[2] The alleged malpractice (allowing the trach cuff to remain deflated) occurred, if at all, between October 1 and October 10 and Dr. Lee was prepared to testify that as of October 1 it is more probable than not that the decedent would have survived but for the alleged negligence.