PER CURIAM.
Appellant appeals from the final judgment of the trial court entered after a jury verdict in favor of appellees. Because we agree with appellant’s argument that the trial court abused its discretion during the pretrial hearing in excluding one of appellant’s witnesses, we reverse and remand for a new trial.[1]

BACKGROUND

On May 8, 2002, Joseph Lester Harrell, III, died in an intersection accident when his vehicle was struck by a tractor-trailer truck. The truck was owned by Aztec Environmental, Inc., and driven by its employee, Ernest Jones. A wrongful death lawsuit was filed against appellees Aztec and Jones by appellant Joseph Harrell Jr., as personal representative of the estate of Joseph Lester Harrell, III.
The complaint filed in this case alleged negligence on the part of Jones and vicarious liability on the part of Aztec. The trial court issued a pretrial order which required disclosure of witnesses by February 14, 2004, and required completion of discovery by May 24, 2004. During discovery, appellant learned that Jones was legally blind in his left eye. Appellant filed a motion with the trial court to amend his complaint to add a negligent hiring count against Aztec. Appellant also filed motions for continuance arguing that he did not have enough time to finish depositions of witnesses before the cutoff date for discovery and also that he needed more time to develop discovery regarding Jones’ vision deficit. These motions were denied by the trial court before pretrial conference.
Appellant disclosed the names of three optometrists that would testify at trial regarding Jones’ vision deficit. However, although appellant properly disclosed one of these witnesses, Dr. Pendergrast, by the cutoff date to testify regarding Jones’ vision deficit, he failed to disclose witnesses Dr. Weaver and Dr. Saul until June 16, 2004, at which time appellant filed a supplemental witness list.
At the pretrial conference, appellant reasserted both the motion for continuance and motion to amend the complaint. The trial judge ruled that he would allow appellant to “maintain and seek to establish *807 their assertion that ... defendant Aztec would have detected that defendant Jones had a vision deficit which would have prevented him from operating its heavy trucks on the roads and highways of the State of Florida.” By making this ruling, the trial judge effectively reversed his earlier ruling denying appellant’s motion to amend his complaint. The trial judge then considered appellees’ arguments for excluding the testimony of Dr. Weaver and Dr. Saul at trial, as they had not been disclosed as witnesses before the discovery cutoff date. After hearing argument on this issue, the trial judge excluded the two witnesses from testifying. Although the trial judge gave the appellees an option for a continuance, which they rejected, the trial judge denied appellant’s renewed motion for continuance.
At trial, appellant’s theory of the case was that speed, defective brakes on the truck driven by Jones, and a vision deficit in Jones’ left eye all contributed to the accident, making Jones, and his employer Aztec, liable for the accident. The appel-lees’ theory of the case was that Jones had the right-of-way and that the deceased ran a stop sign, not giving Jones enough time to stop or take other evasive measures to avoid the collision. Although ultimately corrected by the trial court, the trial was plagued with inconsistent rulings and by a general confusion as to the issues being tried. However, after a presentation of all the evidence, the jury agreed with the appellees’ theory of the case and found no negligence on their part.

ANALYSIS

The trial court’s exclusion of witnesses named in a supplemental witness list served closer to the trial date than authorized by the pretrial order is reviewed for abuse of discretion. Alexandre v. Meyer, 722 So.2d 904, 904 (Fla. 4th DCA 1998). The Florida Supreme Court has held:
[A] trial court can properly exclude the testimony of a witness whose name has not been disclosed in accordance with a pretrial order. The discretion to do so must not be exercised blindly, however, and should be guided largely by a determination as to whether use of the undisclosed witness will prejudice the objecting party. Prejudice in this sense refers to the surprise in fact of the objecting party, and it is not dependent on the adverse nature of the testimony. Other factors which may enter into the trial court’s exercise of discretion are: (i) the objecting party’s ability to cure the prejudice, or similarly, his independent knowledge of the existence of the witness; (ii) the calling party’s possible intentional, or bad faith noncompliance with the pretrial order; and (iii) the possible disruption of the orderly and efficient trial of the ease (or other cases).
Binger v. King Pest Control, 401 So.2d 1310, 1313-14 (Fla.1981) (footnotes omitted).
Significantly, in the present case, appellant took depositions of Dr. Weaver and Dr. Saul after the discovery deadline without objection by appellees, which were attended by counsel for the appellees. Therefore, appellees knew the opinions of Dr. Weaver and Dr. Saul before trial. See Pascual v. Dozier, 771 So.2d 552, 554 (Fla. 3d DCA 2000) (stating, “it is error to strike a relevant witness where the opposing party is aware of the proposed testimony”). Additionally, there is no record evidence that appellant’s noncompliance with the pretrial order was done in bad faith; Because the appellees knew of the doctor’s opinions and would therefore not be prejudiced procedurally, the trial court erred in *808 excluding these two witnesses from testifying.
“The exclusion of a witness can be deemed harmless if the testimony would have been cumulative.” Dos Santos v. Carlson, 806 So.2d 539, 542 (Fla. 3d DCA 2002). However, the error in this case was not harmless. Dr. Pendergrast testified using the examination done by Dr. Weaver, who was an independent contractor for Dr. Pendergrast. He testified that Jones was legally blind in his left eye. He also stated that this would decrease Jones’ depth of focus. In explaining this statement, Dr. Pendergrast testified that a person who is legally blind in one eye has monocular vision, as opposed to binocular vision which enhances vision. He explained that Jones’ finger-counting vision was three feet. Dr. Pendergrast also testified that, as best he could tell, Jones was okay to drive.
The record reveals that Dr. Weaver testified in his deposition that Jones had a large blind spot on his left eye that would be expected to affect Jones’ depth perception. He explained that depth perception is the ability to judge objects that are at different distances. He also testified that a person in this condition wearing glasses would have a less than average depth perception. This testimony could have been viewed by the jury as more strongly demonstrating a vision defect that could affect driving performance. Additionally, Dr. Weaver, as the optometrist actually performing the exam, would be able to offer observations about Jones during the examination that Dr. Pendergrast would not be able to provide. Therefore, Dr. Weaver’s testimony would not have been cumulative to Dr. Pendergrast’s testimony.[2] Accordingly, the trial court’s error was not harmless, and we reverse and remand for a new trial.
REVERSED and REMANDED with directions.
WEBSTER, BROWNING and POLSTON, JJ., concur.

. Appellant also argued seven other grounds for reversal, which allege that the trial court abused its discretion by: (1) denying appellant’s motion to amend his complaint during the pretrial hearing; (2) denying appellant's motion for a continuance during the pretrial hearing; (3) failing to conduct an adequate pretrial conference and render a pretrial order outlining the issues to be tried; (4) making inconsistent rulings; (5) denying appellant's challenge for cause to two jurors during voir dire; (6) allowing the jury to hear errata sheet changed responses to appellee Jones' June 10, 2004 deposition; and (7) denying appellant's requested jury instructions. Because we reverse on the ground that the trial court abused its discretion in excluding a witness at trial, we do not reach the other grounds for reversal argued by appellant.

. Because we hold that Dr. Weaver's testimony was not cumulative to Dr. Pendergrast’s testimony, we reverse on that ground and do not decide whether the trial court committed reversible error in excluding Dr. Saul's testimony.