750 So.2d 79 (1999)
Robert G. CLAUSSEN, Appellant,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellee.
No. 99-00166.
District Court of Appeal of Florida, Second District.
December 1, 1999.
*80 Thomas R. Bolt of Ruden, McClosky, Smith, Schuster & Russell, P.A., Ft. Lauderdale, for Appellant.
Pamela S. Leslie and Vance W. Kidder, Tallahassee, for Appellee.
CASANUEVA, Judge.
The appeal of this eminent domain action raises discovery and evidentiary issues. Because we conclude that the improper use of an undisclosed letter by the Department of Transportation (DOT) tainted the property owners' constitutional right to jury determination of valuation, we reverse and remand for a new trial.
DOT condemned property co-owned by Mr. Claussen, as Trustee, and B.B.B. Investment Company (Owners) on November 28, 1995. The taking consisted of 25,180 square feet of L-shaped land in fee simple and 6700 square feet as a permanent easement. In 1991, when the Owners acquired the real property, they knew that a planned road widening project would affect this property but estimated that a smaller, rectangular parcel would be involved.
At trial, Mr. Claussen testified on behalf of the Owners concerning his opinion of the condemned property's value, the developmental approaches devised for the property, the means the Owners used to acquire investors, and prior efforts to sell the property. He stated that he contracted to buy the property before he had fully completed his investigation and before he knew for certain whether the City of Naples would require a 40-foot strip of land to be set aside. Mr. Claussen further testified that during the 1991 negotiations for purchase of the property he was represented by an attorney, Stephen Robert Thompson, who later acquired an interest in the land.
Prior to trial and as part of its pre-trial preparation, DOT obtained a certified copy of a March 3, 1989 letter apparently authored by Stephen Robert Thompson, Esquire, to the District Secretary of the DOT. The letter's apparent author is allegedly the same attorney who represented the Owners in the 1991 acquisition of the subject property. The record before us establishes that at the time the letter was *81 delivered to the DOT Mr. Thompson was not engaged by either Mr. Claussen or any of the present owners but by prior owners of the property. DOT did not disclose the existence of the letter in either pre-trial discovery or in its compliance with the court's pre-trial order.
During cross-examination of Mr. Claussen, DOT ostensibly sought to inquire regarding his knowledge of the road project at the time of the land's acquisition. The DOT's counsel inquired of Mr. Claussen as follows:
Q. Did Mr. Thompson know about the 40 feet before you signed the contract?
A. No.
Q. Would you expect that Mr. Thompson would have told you if he knew about the 40 feet?
A. Yes.
Q. Would you be surprised to find out that Mr. Thompson wrote a letter to the Department of Transportation in XXXX-XXXX complaining about that strip of land?
A. Yeah, that would surprise me.
Q. Have your received correspondence from Mr. Thompson in the past?
A. Yes.
Q. Would you recognize his letterhead?
A. Yes.
Q. Would you recognize his signature?
A. Yeah.
When Mr. Claussen's counsel objected asserting that the questions sought a hearsay response, DOT's counsel responded that the letter of March 3rd was not hearsay because it was a certified copy of a public record. Mr. Claussen's counsel pointed out that the document had neither been produced in discovery nor identified in compliance with the court's pre-trial order by DOT. DOT responded that it was relieved of these obligations because the letter was being used for impeachment. While the jury was excused, Mr. Claussen was provided the letter to review. Although the trial court did not permit the letter's introduction, it did allow further questioning on the matters to which it referred. Before the jury, DOT then inquired:
Q. Mr. Claussen, let me ask you to take a minute and review that letter and see if it refreshes your memory as to whether Mr. Thompson told you about the 40 feet.
A. Well, I know he never told me about the 40 feet. I mean, this doesn't have anything to do with me.
Q. I understand.
A. What do you want me to do?
Q. I just wanted to know if this helped refresh your memory as to whether he told you about the 43 feet.
A. Never.
Later, the DOT inquired again:
Q. Mr. Claussen, now, after having reviewed this letter, you now realize that Mr. Thompson knew in 1989 that the Department was going to acquire that strip of land, right?
A. Yes.
Q. And it's still your testimony that he never told you that?
A. That is correct.
In further support of its contention that the letter was admissible, DOT cited section 90.803(6), Florida Statutes (1997). Upon review, we reject each of DOT's contentions.
We commence with the evidentiary issues, turning first to the contention that the letter was proper impeachment evidence. Section 90.608, Florida Statutes (1997), identifies who may present impeachment evidence and the proper modes of impeachment. As a party, DOT was permitted to attack a witness's credibility. To impeach a witness by use of a prior inconsistent statement, not only must the in-court testimony be inconsistent with the prior statement, see Morton v. State, 689 So.2d 259, 262 (Fla.1997), but it also must be the witness's statement. Here, DOT sought to impeach Mr. Claussen's testimony by using a letter authored by another *82 person. Subsection (1) does not permit impeachment by use of another's statement. The remaining provisions of section 90.608 are equally unavailing in this context.
DOT also asserted that the letter was admissible pursuant to section 90.803(8), Florida Statutes (1997). This provision excepts from the hearsay evidence bar certain public records and reports. Thus, a public agency may present proof of its activities by utilizing its records or reports that demonstrate compliance by a government agency with duties it was lawfully required to perform. See Lee v. Department of Health and Rehab. Servs., 698 So.2d 1194 (Fla.1997). However, records based upon information supplied by outside sources are inadmissible under Lee. The letter in this case contained no information compiled by the DOT in the course of its duties; rather, the letter described a prior property owner's objection to the proposed highway expansion. Because the letter was based upon information from an outside source it was inadmissible as a DOT public record under section 90.803(8).
The final evidentiary issue is whether the letter was properly used to refresh Mr. Claussen's recollection. Section 90.613, Florida Statutes (1997), permits a party to refresh a witness's recollection by showing the witness a writing, whether prepared by the witness or some other person. However, the statute requires certain salient procedures to be followed. First, the witness must indicate an inability to recall the fact or information at issue. Mr. Claussen, however, professed no lack of memory; rather, he denied ever receiving the suggested information. Essentially, he had no memory to refresh. Had Mr. Claussen indicated a lack of recall, the letter should have been produced for his examination. The statute also prohibits either the witness or counsel from publishing the document's contents to the jury to avoid parading potentially inadmissible evidence before the trier of fact. See Morton, 689 So.2d at 264 n. 5. Not only did DOT's counsel improperly suggest the contents of the letter while inappropriately attempting to refresh a memory that did not exist, he also provided his own interpretation of its substance in the jury's presence. Counsel suggested that Mr. Thompson possessed the requisite knowledge in 1989 that "the Department was going to acquire that strip of land." Clearly, neither DOT's counsel nor Mr. Claussen, under these facts, was competent to testify to the state of Mr. Thompson's knowledge. The letter's use as a memory refreshing device did not meet the predicate requirement of section 90.613.
Finally, the DOT asserts it was relieved of its discovery obligation as well as its court ordered pre-trial compliance because the letter constituted "impeachment" evidence. We reject this contention. If properly identified and sought in discovery, the letter, unless protected from disclosure, must be produced to the opposing party and listed in pre-trial compliance. Otherwise, we will return to the ambush method of civil litigation. See Binger v. King Pest Control, 401 So.2d 1310 (Fla.1981).
In reviewing the entire record we conclude that the DOT's improper injection of the letter into the trial, like those extraneous matters discussed in Davis v. Department of Transportation, 717 So.2d 61 (Fla. 2d DCA 1998), was intended only to prejudice the jury against Mr. Claussen. By doing so, DOT implied that Mr. Claussen purchased the land knowing of the potential for this eminent domain action and hoping to reap financial advantage from the governmental taking. This evidence was truly irrelevant.
In conclusion, the errors in this case mandate a reversal of the judgment and a remand for a new trial.
WHATLEY, A.C.J., and DAVIS, J., Concur.