ROTHENBERG, J.
 

 Motion for rehearing, and clarification is denied. The Court, however, withdraws its original opinion issued on December 24, 2008, and substitutes the following opinion in its stead.
 

 Linda Plaut (“the plaintiff’) appeals from an adverse final judgment following a jury verdict, and an order denying her motion for a new trial. The sole issue before this Court is whether the conduct of counsel for the defendant, Norwegian Cruise Line (“NCL”), during his cross-examination of the plaintiff, vitiated the fairness of the trial. While counsel for NCL clearly made an improper attempt to refresh the plaintiffs recollection, because the error was harmless, we affirm.
 

 The plaintiff sued NCL after suffering a fall onboard an NCL vessel. Shortly before the commencement of trial, counsel for NCL obtained a statement from one of the plaintiffs neighbors. The neighbor was not listed as a witness, the existence of the statement was not disclosed to opposing counsel, and the statement was inadmissible as substantive evidence.
 

 During cross-examination of the plaintiff, counsel for NCL asked the plaintiff whether her use of a walker at trial was to garner sympathy for the claimed injuries. When the plaintiff denied using her walker at trial for this purpose, counsel for NCL asked the plaintiff whether she recalled discussing the upcoming trial with her neighbor. When the plaintiff stated that she did recall speaking with her neighbor, counsel for NCL handed the plaintiff a bound copy of the neighbor’s statement and asked her to turn to page five and to take a look at line twenty-two.
 

 Counsel for the plaintiff immediately requested a sidebar conference, objected to the use of the document, and notified the trial court that the witness had not been listed by either side. Counsel for the plaintiff added that he had not been notified that a statement had been taken from the plaintiffs neighbor. Counsel for NCL’s response was that he was handing the plaintiff her neighbor’s statement to refresh the plaintiffs recollection for his upcoming questions.
 

 The trial court apparently agreed that counsel for NCL’s intended use of the statement was improper because the plaintiff admitted that she recalled speaking to her neighbor and, thus, did not need her memory refreshed.
 
 See Claussen v. State, Dep’t of Transp.,
 
 750 So.2d 79, 82 (Fla. 2d DCA 1999) (holding that to refresh the recollection of a witness, the law first requires that the witness demonstrate an inability to recall). Accordingly, the trial court admonished counsel for NCL, and offered to give a curative instruction to the jury. Counsel for the plaintiff did not avail himself of the trial court’s offer.
 

 When counsel for NCL resumed his cross-examination, he asked the plaintiff whether she recalled telling her neighbor that she intended to use the walker at trial to “play up her injuries.” After the plaintiff answered that her neighbor was lying and that she did not recall making such a statement, counsel for NCL requested permission to approach the plaintiff and to hand her the statement to see if the statement would refresh her recollection. The trial court denied the request and the issue was not pursued. Counsel for NCL asked no more questions about the neighbor or the neighbor’s statement, and he did not refer to the matter during his closing argument. The jury found in favor of NCL.
 
 *1122
 
 The plaintiff asserts that the trial court erred in denying her motion for a new trial based on counsel for NCL’s improper attempts) to refresh the plaintiffs recollection.
 

 The standard of review applicable to a circuit court’s denial of a motion for a new trial is abuse of discretion.
 
 SDG Dadeland Assocs., Inc. v. Anthony,
 
 979 So.2d 997, 1001 (Fla. 3d DCA 2008). The evidentiary issue raised in this appeal is subject to a harmless error analysis. § 59.041, Fla. Stat. (2007);
 
 Herbello v. Perez,
 
 754 So.2d 840 (Fla. 3d DCA 2000).
 

 Counsel for NCL admits that his attempt to use the hearsay statement to refresh the plaintiffs recollection in the first instance was error because the plaintiff admitted that she did recall speaking with her neighbor and she did not suggest that she did not remember the conversation. Counsel for NCL also admits that it was improper to wave the inadmissible hearsay statement in front of the jury or to refer to it during his improper attempt to refresh the witness’s recollection. We agree. However, we are not persuaded by the plaintiffs argument that counsel for NCL’s second attempt to refresh the plaintiffs recollection was error, as this attempt was made after the plaintiff stated that she did not recall making such a statement. We conclude, however, that even if this second attempt was error, our analysis and holding would be the same.
 

 The resolution of this appeal rests on whether counsel for NCL’s improper attempt(s) to refresh the plaintiffs recollection so infected the proceedings that we must find that the trial court abused its discretion in denying the plaintiffs motion for a new trial. We begin our analysis by noting that the trial court did not allow counsel for NCL to use the document to refresh the plaintiffs recollection. While the document was marked and handed to the plaintiff in front of the jury, upon proper objection by counsel for the plaintiff, and the appropriate ruling by the trial court, counsel for NCL did not read from the document and did not attempt to refer to the document, the neighbor, or the use of the walker during closing arguments.
 

 While the credibility of a party is always relevant, a review of the entire transcript reflects that NCL’s defense was based upon the plaintiffs own admissions — that she was simply not looking where she was going and she was not looking at the floor because she assumed there would be an elevator, not stairs, to take her to the lower level. We therefore find that the trial court did not abuse its discretion by denying the plaintiffs motion for new trial as any impermissible suggestion before the jury was harmless.
 

 Affirmed.