CARROLL, Judge.
This is an action for damages for per-" sonal injuries arising out of an automobile accident, a rear-end collision. Summary judgment was entered in favor of the plaintiff on liability. Trial before a jury on damages resulted in a verdict for plaintiff in the amount of $9,500. Judgment was entered thereon and defendants appealed, contending the trial court committed error in refusing to receive evidence from cer- ^ tain witnesses offered by the defendants for the purpose of impeaching the plaintiff- ■*- witness, and in a charge cautioning the jury against rendering a quotient verdict. We find no error and affirm. ^
At pretrial conference the parties were required to list the names of the witnesses intended to be used, and were informed by the trial judge that only those and such other witnesses as were named a designated time before trial would be permitted. Upon cross-examining the plaintiff at trial, as to the basis of her claim for pain and suffering, defendants brought out certain matter which plaintiff had alluded to in her deposition taken for discovery but concerning which she had not testified on direct. The record discloses the trial judge considered the matter just referred to as collateral or irrelevant to the issues, and not proper to be brought into the case.[1] Defendants sought to introduce testimony of four witnesses to impeach the plaintiff with respect to such matter, none of whom had been named prior to trial. Objection to use of such witnesses was sustained. No formal proffer was made but at request of the court defendant’s counsel stated the substance of the intended testimony to be elicited therefrom. The appellee contends, and we agree, that of the testimony which would have been presented only that of one of the proffered witnesses would have served to impeach or contradict plaintiff’s testimony to which it was directed. In the circumstances presented, the action of the trial judge in rejecting the witnesses was not an abuse of discretion. See cases cited in footnote No. 1, and Atlas v. Siso, Fla.App.1966, 188 So.2d 344; Henningsen v. Smith, Fla.App.1965, 174 So.2d 85; Rose v. Yuille, Fla.1956, 88 So.2d 318.
The challenged charge relating to quotient verdict did not depart materially from the law on the point as set out in the early case of Orange Belt Ry. Co. v. Craver, 32 Fla. 28, 13 So. 444, 446-447. See also, Marks v. State Road Department, Fla. 1954, 69 So.2d 771; Malone v. Marks Brothers Paving Co., Fla.App.1964, 168 So.2d 753. No harmful error was made to appear. There was no showing the verdict rendered was a quotient verdict, and on a poll of the jury when the verdict was received each of the jurors vouched for it as his verdict.
Affirmed.

. In Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 So. 318, 333, the Supreme Court said: “It is well settled in this court that a witness cannot be cross-examined as to any fact which is collateral or irrelevant to the issue, merely for the purpose of contradicting him by other evidence if he should deny it, thereby to discredit his testimony.” See also, Urga v. State, Fla.App.1963, 155 So. 2d 719; Fields v. State, 46 Fla. 84, 35 So. 185.