377 So.2d 41 (1979)
MALL MOTEL CORP., d/b/a Sheraton Inn West Palm Beach, Appellant,
v.
WAYSIDE RESTAURANTS, INC., et al., Appellees.
No. 78-1458.
District Court of Appeal of Florida, Third District.
November 27, 1979.
*42 Myers, Kaplan, Levinson, Kenin & Richards, Podhurst, Orseck & Parks and Joel D. Eaton, Miami, for appellant.
Horton, Perse & Ginsberg and Arnold R. Ginsberg, Ivan S. Benjamin, Miami, for appellees.
Before PEARSON, HUBBART and SCHWARTZ, JJ.
HUBBART, Judge.
This is an action for conversion and a counterclaim sounding in conversion and debt in which the jury in the trial court returned a verdict for the plaintiffs on the main claim and the defendant on the counterclaim. Judgment was entered for the plaintiffs and the defendant appeals.
We consider the dispositive issue on appeal to be whether the trial court improperly excluded from evidence certain bad character impeachment witnesses offered by the defendant at trial. For the reasons which follow, we conclude that it was reversible error for the trial court to exclude such defense witnesses from evidence. Accordingly, we reverse and remand for a new trial.

I
The facts of this case are as follows. The plaintiffs Wayside Restaurants, Inc., Mark Singer, and Gilbert Singer brought suit for conversion against the defendant Mall Motel Corp., d/b/a Sheraton Inn West Palm Beach in the Circuit Court for the Eleventh Judicial Circuit of Florida.[1] The defendant filed an answer generally denying the complaint and counterclaimed against the plaintiffs for debt and conversion.
*43 The main claim and counterclaim were tried together before a jury in the trial court. During the presentation of the plaintiffs' case, Mr. Gilbert Singer testified that he requested Mr. Jack Bernstein, the defendant's representative, to return the alleged converted property in this cause and was refused by Mr. Bernstein. During the defendant's case, Mr. Bernstein as a defense witness denied this conversation and stated that he had never been asked by Mr. Gilbert Singer to return the alleged converted property. There was no other testimony in the case as to whether the defendant refused, upon the plaintiffs' request, to return the alleged converted property.
During the presentation of the defendant's case, Mr. Sy Mandel and Mr. Hy Uchitel were called as defense witnesses who were prepared to testify as to Mr. Gilbert Singer's bad reputation in the community for truth and veracity. Both witnesses were, however, excluded from testifying by the trial court because neither witness had been listed on the defendant's pretrial catalog. The trial court had previously entered a pretrial order stating that the "[p]arties shall furnish opposing counsel with the written list containing the names and addresses of all witnesses intended to be called for trial, except those used for impeachment... ."
The jury returned a verdict in favor of the plaintiffs on the main claim including an award of punitive damages. The jury also returned a verdict in favor of the defendant on the counterclaim. The trial court entered a final judgment in favor of the plaintiffs and against the defendant in the amount of $69,295. This appeal follows.

II
It is the established law of this state that a witness may be impeached by proof that the witness has a bad reputation in the community for truth and veracity. Pitts v. State, 315 So.2d 531 (Fla. 2d DCA 1975) and authorities collected. It is equally well-settled that a trial court has no authority to exclude a witness from testifying at trial for failure of the party calling him to list the name of such witness on a pretrial catalog when the listing of such witness was not specifically required by a pretrial discovery order of the court. Lanai Development Corp. v. Berry, 373 So.2d 441 (Fla. 3d DCA 1979); Clarke v. Sanders, 363 So.2d 843 (Fla. 4th DCA 1978).
In the instant case, it is clear that the testimony of the defense witnesses Mr. Mandel and Mr. Uchitel was admissible as bad character impeachment evidence directed against the veracity of Mr. Gilbert Singer as a witness for the plaintiffs. It is also clear that the names of these impeachment witnesses were not required to be listed on the defendant's pretrial catalog because impeachment witnesses were specifically excluded from the trial court's pretrial discovery order requiring the exchange of witness lists.[2] As such, the trial court had no authority to exclude these witnesses from testifying at trial.
Moreover, we regard the erroneous exclusion of these witnesses to constitute reversible error in this case as their testimony was directed to a critical issue at the trial. Central to the plaintiffs' claim for conversion was proof that the plaintiffs had requested the defendant to return the alleged converted property and was refused by the defendant. Murrell v. Trio Towing Service, Inc., 294 So.2d 331, 332 (Fla. 3d DCA 1974). The plaintiffs' only testimony on this point was that of the witness Gilbert Singer whose testimony was, in turn, denied by the defense witness Jack Bernstein. Mr. Singer's evidence was, therefore, both crucial to the plaintiffs' case and very much at issue at trial. As the excluded impeachment evidence went directly to Mr. Singer's credibility as a witness, it is our view that the exclusion of this evidence substantially prejudiced the right of the defendant to a *44 fair trial in this cause. As such, a reversal and remand for a new trial is mandated. § 59.041, Fla. Stat. (1977).

III
We have carefully considered the other contentions raised by the appellant in this cause and find them to be without merit. The judgment under review is reversed and the cause remanded to the trial court with directions to order a new trial on both the main claim and the counterclaim in this cause.
Reversed and remanded.
NOTES
[1] There were other causes of action pled in the complaint, but after discovery the trial court, upon motion, entered a final summary judgment thereon in favor of the defendant. The plaintiffs have neither appealed nor cross-appealed this ruling.
[2] Contrary to the trial court's conclusion, impeachment witnesses are not limited to those who testify as to prior inconsistent statements made by an adverse witness at trial. They also include those witnesses who testify as to the bad character of an adverse witness at trial. McCormick on Evidence 66, 90-93 (2d ed. 1972).