UPCHURCH, Chief Judge.
Hugh and Lucille Baker appeal a summary final judgment in favor of appellees, Lourdes M. Mathew and George M. Mathew, M.D., P.A. (Mathew). The Bakers contend that the trial court abused its discretion in failing to permit them to reopen their witness list. We agree with this contention.[1]
The Bakers filed suit, alleging that Dr. Lourdes Mathew had negligently misdiagnosed Hugh Baker as suffering from small cell cancer of the lung and had forced him to undergo chemotherapy when in fact Baker had a tumor that was treatable with surgery. The case was set for pretrial in November 1985. The court ordered counsel to provide a list of expert witnesses to be used at trial. Jury trial was scheduled for April 1986. The Bakers agreed to designate their witnesses by January 1, 1986. On December 31, 1985, the Bakers gave Mathew a list of fifty-six expert witnesses.
The Bakers later found that the expert witnesses on whom they actually intended to rely were not available. On January 7, 1986, the Bakers moved to reopen the disclosure list. Mathew filed an objection to the request and moved for sanctions. The trial court denied the Bakers’ motion to reopen, denied Mathew’s motion for sanctions and later entered summary judgment in favor of Mathew.
While the summary judgment is the basis for this appeal, the question turns on whether the court abused its discretion in failing to permit the Bakers to reopen their witness list. We conclude that it did and reverse. At the time the Bakers moved to reopen, only six days had elapsed since the disclosure list was due. The trial was not scheduled until April, some three months away. In view of the short time that had elapsed since the filing of the disclosure list and the time available before trial, Mathew had ample time to interview or depose the witnesses. Therefore, he cannot demonstrate that he was prejudiced by permitting the disclosure to be reopened. See Binger v. King Pest Control, 401 So.2d 1310 (Fla. 1981)
*291 Mathew’s argument that since the Bakers had listed fifty-six expert witnesses, the trial court probably concluded the additional witness would be able to offer only cumulative testimony, is without merit. The Bakers concede and we agree that it is poor practice to list every witness with whom a plaintiff comes into contact. The result is nondisclosure rather than disclosure. There are ample sanctions available to a trial judge to prevent this type of abuse of the discovery process but those sanctions are more properly directed at counsel rather than the client by dismissal of his case. Here it became obvious that the Bakers could not survive a motion for summary judgment without these critical witnesses.[2]
REVERSED and REMANDED for further proceedings consistent with this opinion.
BEVERLY, Associate Judge, concurs.
COWART, J., dissents with opinion.

. We find the Bakers’ remaining points to be without merit.

. After their request to reopen disclosure was denied, the Bakers voluntarily dismissed the case. However, the trial court found that the dismissal was improper and later reinstated the action.