718 So.2d 394 (1998)
Veronica A. TOMLINSON-McKENZIE, and Crestland Mortgage, Co., Inc., Appellants,
v.
Pamela P. PRINCE and Michael E. Prince, her husband, Appellees.
Nos. 97-3628, 98-0991.
District Court of Appeal of Florida, Fourth District.
October 14, 1998.
*395 John H. Richards and Warren B. Kwavnick of Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., Fort Lauderdale, for appellants.
John B. Moores of Montgomery & Larmoyeux, West Palm Beach, for appellees.
PER CURIAM.
This appeal arises out of a negligence action stemming from an automobile accident in which a vehicle driven by defendant-below, Veronica Tomlinson-McKenzie, collided with a vehicle driven by plaintiff-below, Pamela Prince. Ms. Tomlinson-McKenzie's employer, Crestland Mortgage Company, was named a co-defendant because the accident occurred while she was driving a vehicle owned by the company. The only issues at trial were Ms. Prince's injuries, causation, and damages. Ms. Prince alleged that injuries sustained in the accident prohibited her from working full time as a dental hygienist because the job requires her to sit for prolonged periods of time. Although the jury found that Ms. Prince's injuries were not permanent, it awarded her $78,000 future damages for loss of the ability to earn.
Prior to trial, the parties submitted a pretrial witness and exhibit list pursuant to local discovery rules. The trial date was originally set for the January 8, 1996 through February 5, 1996 docket. Due to several continuances, the trial was postponed to the spring of 1997. In April of 1997, Tomlinson-McKenzie filed a motion to amend her witness and exhibit list in order to include a *396 surveillance tape of Ms. Prince doing various activities and to add the investigator who recorded the tape. Due to appellant's failure to include the tape and the witness on the pretrial list, and in view of the impending trial, the trial judge denied the motion as untimely. Subsequently, the case was not reached in the spring of 1997, but ultimately proceeded to trial in February of 1998. When Tomlinson-McKenzie attempted to introduce the surveillance tape at trial, the trial court sustained appellee's objection. Tomlinson-McKenzie and Crestland appeal both the damages award and the trial judge's exclusion of the surveillance tape. We find merit in the latter argument and reverse.
A trial judge has broad discretion in determining whether to admit the testimony of a witness or permit introduction of an exhibit not disclosed pursuant to a pretrial order. See Binger v. King Pest Control, 401 So.2d 1310, 1313 (Fla.1981). However, the trial judge's discretion should be guided primarily by whether the "objecting party" would be prejudiced by the admission of the evidence. Id. at 1314. While we cannot understand why appellants failed to seek leave of court to file an amended witness list after the continuance in the spring of 1997, and prior to the actual trial in February of 1998, that factor alone does not justify exclusion of the evidence.
The objecting party is prejudiced by the admission of such evidence if the party might have taken some action to protect itself had it had timely notice of the witness or exhibit, and there exists no other alternatives to alleviate the prejudice. The supreme court, in Binger, stated that
Prejudice in this sense refers to the surprise in fact of the objecting party, and it is not dependent on the adverse nature of the testimony. Other factors which may enter into the trial court's exercise of discretion are: (i) the objecting party's ability to cure the prejudice or, ... [its] independent knowledge of the existence of the witness; (ii) the calling party's possible intentional, or bad faith, noncompliance with the pretrial order; and (iii) the possible disruption of the orderly and efficient trial of the case (or other cases).
401 So.2d at 1314 (footnote omitted).
In the instant case, appellees could not have been prejudiced by the introduction of the surveillance tape in the sense that "prejudice ... refers to the surprise in fact of the objecting party" because the motion to amend the witness and exhibit list was filed several months prior to the actual trial date. In addition, the other factors set out in Bingermilitate strongly toward admission of the surveillance tape. There was no finding that appellants failed to comply with the pretrial order in bad faith. The record reflects that appellants moved to amend the witness and exhibit list as soon as the surveillance tape became available. Further, an objecting party may not, having closed its eyes to the existence of evidence prior to trial, claim that the admission of that evidence would disrupt the orderly and efficient trial of the case.
"Excluding the testimony of a witness is a harsh remedy which should be invoked sparingly." Aguila-Rojas v. City Management Group Corp., 606 So.2d 765, 766 (Fla. 3d DCA 1992)(holding that the trial judge erred in excluding the testimony of a witness not disclosed on the party's original witness and exhibit list). The surveillance tape of Ms. Prince sitting in a car for extended periods of time and sitting on bleachers at her son's soccer matches goes to the very heart of this casethe extent of her injuries. The surveillance tape provides a direct challenge to Ms. Prince's assertions that the injuries sustained in the accident diminished her capacity to earn a living because she could not sit for extended periods of time as required by her job. Under the circumstances, the trial judge's omission of the surveillance tape was not harmless error.
Accordingly, we reverse and remand to the trial court for a new trial.
STEVENSON and SHAHOOD, JJ., and COHN, JAMES I., Associate Judge, concur.