KLEIN, J.
We reverse a judgment in favor of plaintiffs, concluding that the trial court erred in not allowing the defense to call an unlisted witness on the last day of trial. The witness, the property manager at an apartment complex, would have testified that in return for rent concessions of $200 to $300 a month, Mr. Roldan did maintenance work in the complex. That testimony would have directly contradicted the testimony of both Mr. Roldan and his wife that he was totally disabled and unable to do any work in the apartment complex after this accident.
When a trial court exercises its discretion as to whether an unlisted witness should be allowed to testify, it should be guided in large part by whether there will be prejudice to the objecting party in the form of surprise. Binger v. King Pest Control, 401 So.2d 1310, 1314 (Fla.1981). When allowing the witness to testify will not be unfair to the objecting party, the testimony should be permitted. Id.
In this case it is apparent from both the briefs and oral argument that the plaintiffs do not contend that Mr. Roldan was not doing the work or receiving a rent reduction. There would, accordingly, have been no prejudice in the sense of surprise, because plaintiffs do not dispute the truthfulness of the excluded evidence.
Defendant first argues that the trial court should have dismissed this case as a sanction for the plaintiffs perpetrating a fraud on the court. Although this might well have been a fraud, we are reluctant to impose the ultimate sanction of dismissal, because plaintiffs are apparently not fluent in English.
We agree, however, with defendant that a new trial is required. Plaintiffs’ claim for damages rested on the premise that Mr. Roldan was totally disabled and unable to work in any capacity as a result of this accident. After keeping out the testimony that the plaintiff was able to do some work, plaintiffs counsel, Hiram M. Monte-ro, argued to the jury:
I have an obligation to ... show you the magnitude of this man’s injuries ... This is a case about a disabled man, a man who worked before, who never asked for a penny, and who now is on disability because of his injuries, and I submit to you that it’s his brain injury and his seizures, as his wife said, that keep him from working, and a [disability] judge has determined that already ... It has already been determined that this man can’t work because of his brain injury and his seizures.
We reject plaintiffs’ arguments that this error did not affect the result. Although that is certainly a possibility, we will not affirm a verdict based on the charade which occurred in this case. We accordingly reverse for a new trial limited to the issue of damages.
DELL and STONE, JJ., concur.