SCHWARTZ, Chief Judge.
Rejecting the appellant defendant’s primary point on appeal, we find no abuse of discretion in excluding the defendant’s *535 expert radiologist because of the violation of the provision of the pre-trial order, which trumps Florida Rule of Civil Procedure 1.280(e),[1] that the “parties produce all information as provided by Florida Rule of Civil Procedure 1.280(b)(4)(A).”[2] See Binger v. King Pest Control, 401 So.2d 1310 (Fla.1981).
Briefly treating the other points raised, harmful error has not been demonstrated in the exclusion of another proposed expert. Finally, we disagree with the argument that the defendant tortfea-sor is entitled to credit for benefits which arguably would have been paid by the PIP carrier but for the plaintiffs insured’s failure to attend the IMEs requested by the insurer. See Rollins v. Pizzarelli, 761 So.2d 294 (Fla.2000).
Affirmed.
FLETCHER, J., concurs.

. Florida Rule of Civil Procedure 1.280(e) provides:
(e) Supplementing of Responses. A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement the response to include information thereafter acquired.

. Florida Rule of Civil Procedure 1.280(b)(4)A provides:
(4) Trial Preparation: Experts. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision(b)(l) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:
(A)(i) By interrogatories a party may require any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.
(ii) Any person disclosed by interrogatories or otherwise as a person expected to be called as an expert witness at trial may be deposed in accordance with rule 1.390 without motion or order of court.
(iii) A party may obtain the following discovery regarding any person disclosed by interrogatories or otherwise as a person expected to be called as an expert witness at trial:
1. The scope of employment in the pending case and the compensation for such service.
2. The expert's general litigation experience, including the percentage of work performed for plaintiff’s and defendants.
3. The identity of other cases, within a reasonable time period, in which the expert has testified by deposition or at trial.
4. An approximation of the portion of the expert's involvement as an expert witness, which may be based on the number of hours, percentage of hours, or percentage of earned income derived from serving as an expert witness; however, the expert shall not be required to disclose his or her earnings as an expert witness or income derived from other services.
An expert may be required to produce financial and business records only under the most unusual or compelling circumstances and may not be compelled to compile or produce nonexistent documents. Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and other provisions pursuant to subdivision(b)(4)(C) of this rule concerning fees and expenses as the court may deem appropriate.