968 So.2d 83 (2007)
Richard A. PERRYMAN, M.D., Richard A. Perryman, M.D., P.A., a Florida Corporation, and Michael Rosenbloom, P.A., a Florida Corporation, Appellants,
v.
Jennifer and Tad CRAWFORD, as parents and legal guardians of Sydney Crawford, a minor, and South Florida Heart Center, PI, a Florida Corporation, Appellees.
No. 4D06-2528.
District Court of Appeal of Florida, Fourth District.
November 14, 2007.
*84 Dinah Stein and Mark Hicks of Hicks & Kneale, P.A., Miami, and Stephens, Lynn, Klein, Lacava, Hoffman & Puya, P.A., Fort Lauderdale, for appellants.
Philip M. Burlington and Andrew A. Harris of Burlington & Rockenbach, P.A., West Palm Beach, and Bradley Winston of Winston & Clark, P.A., Plantation, for appellees Jennifer and Tad Crawford.
STEVENSON, J.
Appellants/defendants, Richard A. Perryman, M.D., Richard A. Perryman, M.D., P.A., and Michael Rosenbloom, P.A., prevailing parties in a medical malpractice jury trial, appeal from the trial court's order granting plaintiffs' motion for new trial. We affirm.
The two-week jury trial arose out of two surgeries that pediatric cardiologist Dr. Perryman performed on the infant daughter of Jennifer and Tad Crawford. The child, who was born with the congenital heart defect, Tetralogy of Fallot with absent pulmonary valve, required surgery to her pulmonary arteries. Following the second surgery, the child lost all blood flow to her left lung and the use of her left pulmonary artery. The outcome of this case weighed heavily on expert opinion testimony.
Near the end of the trial, the expert witness for the defense, Dr. Ross Ungerleider, presented medical opinion testimony that had not been disclosed to *85 appellees during discovery. Dr. Perryman testified in his deposition, and at trial, that there was a typographical error in the surgical report concerning the pre-operative size of the child's left pulmonary artery (LPA) and that the artery was 19 millimeters rather than the 9 millimeters shown on the surgical report. The defense expert, Dr. Ungerleider, subsequently testified that the echocardiogram showed that the pre-operative size of the child's left pulmonary artery (LPA) was 9 millimeters and much of his expert opinion was based on that assumption. The significance of this discrepancy was disputed by the experts, but Dr. Perryman himself testified that he would not have reduced the size of the LPA if it had been 9 millimeters. As a result, surprise and confusion regarding the testimony arose. The defendants' trial attorney conceded to the trial judge that Ungerleider's written interrogatory answers concerning his expert opinions were "woefully inadequate" and failed to come close to the disclosure requirements of the trial judge's pretrial order.
Following a jury verdict in favor of the appellants, the trial judge granted the plaintiffs' motion for new trial and ruled that the defense's insufficient disclosure of Ungerleider's opinion violated the pretrial order, produced surprise at the trial, and confused the jury to a degree that prejudiced the appellees. In addition, the trial court concluded that the plaintiffs had been misled in discovery because Dr. Perryman's testimony of a typographical error was in direct contravention to the undisclosed expert opinion of defense witness, Dr. Ungerleider, who testified that the echocardiogram established that the LPA was indeed 9 millimeters. In accordance with those findings, the trial court granted appellees' motion for mistrial and motion for new trial.
A trial judge's order granting a new trial is subject to an abuse of discretion standard. Reid v. Altieri, 950 So.2d 518, 525 (Fla. 4th DCA 2007). "When a motion for new trial is made it is directed to the sound, broad discretion of the trial judge, who because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached." Cloud v. Fallis, 110 So.2d 669, 673 (Fla.1959) (citations omitted).
In the context of the interpretation and enforcement of pretrial orders mandating witness disclosure, broad discretion is vested in the trial court and reviewing courts should reverse the trial judge only where there is "a clear showing of abuse prejudicial to the affected party." Binger v. King Pest Control, 401 So.2d 1310, 1313 (Fla.1981). This court has consistently held that surprise, changed or undisclosed expert testimony may result in prejudice sufficient to require a new trial. See Belmont v. N. Broward Hosp. Dist., 727 So.2d 992 (Fla. 4th DCA 1999) (reversing judgment on appeal and remanding for new trial where defendant doctors surprised and prejudiced plaintiff by altering their previous testimony in the middle of trial); Office Depot, Inc. v. Miller, 584 So.2d 587, 590 (Fla. 4th DCA 1991) (affirming order granting new trial on basis of surprise where, during trial, expert witness "recanted" his opinion given during discovery); see also Suarez-Burgos v. Morhaim, 745 So.2d 368 (Fla. 4th DCA 1999) (affirming trial court's order granting new trial on the basis of surprise and prejudice where defense's compulsory medical examination witness testified at trial for the first time, unequivocally, that plaintiff received no permanent injury).
We find it no stretch to conclude that the failure to disclose an expert witness's *86 opinion in compliance with a pretrial order and a proper discovery request should be analyzed under the principles announced in Binger and is "tantamount to permitting an undisclosed adverse witness to testify." Dep't of Health & Rehabilitative Servs. v. J.B. ex rel. Spivak, 675 So.2d 241, 244 (Fla. 4th DCA 1996) (applying Binger to remand for new trial where the trial court allowed into evidence previously undisclosed opinion testimony obtained after the discovery deadline). Under the present circumstances, this court should not substitute its judgment for that of the trial judge. Whereas appellants contend that appellees should have conducted a more vigorous discovery, the trial judge possessed broad discretion to assess the plaintiffs' due diligence, particularly in light of the inadequate disclosure of Dr. Ungerleider's opinions combined with the misleading testimony of Dr. Perryman. We cannot find that the trial court abused its discretion in determining that the prejudicial effect of the inadequately disclosed and surprise expert opinion of Dr. Ungerleider required a new trial.
Affirmed.
STONE and HAZOURI, JJ., concur.