SHEPHERD, J.,
concurring in part, and dissenting in part.
This is an appeal by Royal Caribbean Cruises, Ltd. (Royal Caribbean) from a final judgment in the sum of $1,403,791.90 *419 in favor of Byron Cox, who slipped and fell while performing his job as a galley utility pot washer on Royal Caribbean’s Majesty of the Seas on January 12, 2004. Royal Caribbean challenges two adverse decisions made by the trial court during the course of trial: (1) failure to charge the jury on an affirmative defense that exists in the law of admiralty known as the “primary duty doctrine”; and (2) allowing plaintiffs vocational rehabilitation expert to testify concerning new reports and opinions created after the discovery deadline.
I agree with the majority that the trial court did not err in denying Royal Caribbean’s request to instruct the jury on the primary duty doctrine.
In order to be entitled to a special jury instruction, the defendant must prove: (1) the special instruction was supported by the evidence; (2) the standard instruction does not adequately cover the defendant’s theory of the case; and (3) the proposed instruction accurately states the law and would not confuse or mislead the jury.
Billie v. State, 963 So.2d 837, 839 (Fla. 3d DCA 2007) (emphasis added). Royal Caribbean argued below, and continues to maintain here, that the jury should have been instructed that Cox’s claim was barred altogether if the elements of the primary duty doctrine were found to exist. The actual instruction requested, however, directed the jury to consider only whether Plaintiffs recovery should be reduced if the elements of the primary duty doctrine were met.[1] The proposed instruction stated:
An issue raised for your determination is whether the Plaintiff was himself negligent for failing to keep his work area reasonably clean and safe. If you find that the Plaintiff did not have such duty, or if you find that Plaintiff did not breach this duty, then you shall not consider this defense.
However, if you find that the Plaintiff had a duty to keep his work area reasonably clean and safe, and that Plaintiffs injuries were caused in whole by his failure to keep his work area reasonably clean and safe and his failure to follow defendant’s procedures for lifting items weighing greater than 50 pounds, then you shall consider this in your determination of whether Plaintiffs injuries were caused solely by Plaintiffs negligence.
Or, if you find that Defendant was negligent or that the vessel was un-seaworthy, you shall consider Plaintiffs failure to keep his work area reasonably clean and safe and/or failure to follow Defendant’s procedures for lifting items weighing greater than 50 pounds in your determination of Plaintiffs degree or percentage of comparative negligence on the verdict form which I will explain to you shortly.
In addition, the proposed instruction was inconsistent with the corresponding question proposed for the verdict form. That question read as follows:
*420 Do you find by a greater weight of the evidence that Plaintiff had a duty to keep his work area reasonably clean and safe, and that Plaintiffs injuries were caused in whole by his failure to keep his work area reasonably clean and safe and failure to follow Defendant’s procedures for lifting items weighing greater than 50 pounds?
I find no error in this point on appeal.
As to the second issue, I find the trial court reversibly erred by permitting the plaintiffs vocational rehabilitation expert, Pedro Roman, to amend, four days before trial, his life care plan for Cox to include future medical care costs. Roman estimated future medical care, if performed in Nicaragua, at approximately $5000 and $241,398.20, if provided in the United States. Royal Caribbean’s vocational rehabilitation expert earlier had estimated Cox’s future medical care only in Nicaragua, where Cox was born and has lived for almost all of his forty-nine years. The jury awarded Cox future medical costs in the amount of $241,501 — almost exactly the amount contained in Roman’s amended life plan for medical care in the United States. It is quite apparent Roman could have generated this category of future care costs two years earlier when he prepared all other elements of the life plan. Royal Caribbean should not have been obligated during the midst of trial to prepare rebuttal to this new opinion regarding future care costs in the United States; thus, it was prejudiced by its inability to do so. See Binger v. King Pest Control, 401 So.2d 1310, 1314 (Fla.1981) (“Requiring reasonable compliance with a pretrial order directing witnesses’ disclosure will help to eliminate surprise and avoid trial by ‘ambush.’”); Dep’t of Health & Rehab. Servs. v. J.B., 675 So.2d 241, 243 (Fla. 4th DCA 1996) (“The purpose of a discovery cut-off date was to avoid surprise to either side.”); Grau v. Branham, 626 So.2d 1059, 1062 (Fla. 4th DCA 1993) (“[I]f prejudice can be cured efficiently, then it should. But the plaintiff takes his own risk in adopting an ambush strategy and should not profit from his own wrongdoing.”).
Based upon the foregoing analysis, I would vacate the award for future medical costs and remand for entry of the verdict with that reduction.

. In fairness to the parties, I note that the doctrine, first articulated by Judge Learned Hand in Walker v. Lykes Bros. S.S. Co., 193 F.2d 772, 773 (2d Cir.1952), appears to have fragmented into several divergent versions. See Shaul Serban, Evolution of a Defense in Maritime Law: A Survey of the Primary Duty Rule, 18 U.S.F. Mar. L.J. 253, 282-283 (2006). Some courts in the Second Circuit— where Judge Hand sat for more than ten years — have questioned its continuing viability. See, e.g., Borges v. Seabulk Int'l, Inc., 456 F.Supp.2d 387, 393 (D.Conn.2006); Lombas v. Moran Towing & Transp. Co., 899 F.Supp. 1089, 1096 (S.D.N.Y.1995); see also Dunbar v. DuBois Sons Co., 275 F.2d 304, 306 (2d Cir.1960). Happily, I need not question Judge Hand for purposes of this opinion.