ORFINGER, J.,
concurring in part; dissenting in part.
I concur in the majority opinion except as to the exclusion of Kellner’s testimony *1050 about the measurements he took at the accident scene. On that issue, I believe the trial court reversibly erred and that the majority fails to properly apply the factors relevant to the exclusion of evidence mandated by Binger v. King Pest Control, 401 So.2d 1310 (Fla.1981).
The speed of David’s motorcycle at the time of the accident was the major liability issue at trial, particularly as it related to her comparative fault, if any. Kellner claimed that David was speeding at the time the vehicles collided. During discovery, the parties obtained copies of a security video from a nearby store, which recorded the accident. David’s accident reeonstructionist, Alan Stokes, did not visit the accident scene. Instead, he used several computer mapping programs and two still frames obtained from the video tape, taken one second apart, showing two fixed landmarks where the motorcycle can also be seen. Stokes testified that the two landmarks were seventy-five feet apart and that David’s.motorcycle traversed that distance in one second. He testified that “distance equals velocity times time.” Applying that formula, and the distance and time he extrapolated from the video, Stokes calculated David’s estimated speed at the time of the crash to be approximately the speed limit.
Kellner disputed Stokes’s seventy-five foot measurement of the critical distance between the two points. He claimed, on proffer, that Stokes’s measurements were wrong and that he measured the actual distance at 105 feet. The importance of an accurate measurement is obvious — if the motorcycle traveled a longer distance in the same amount of time, it would have been traveling faster at the time of the crash.
Kellner is a builder who drove almost daily through the accident scene. Several days before the trial began, Kellner went to the scene of the crash and measured the distance between the two landmarks relied on by Stokes. If Kellner’s measurements are correct, using the formula provided by Stokes, the jury could have concluded that David was traveling more than twenty miles over the posted speed limit, rather than at the speed limit as Stokes calculated. This evidence might have supported Kellner’s comparative negligence defense.
Before Kellner had an opportunity to testify to his measurements, and without objection from David’s counsel, the court called the attorneys to the bench and asked David’s attorney: “Where are you going with this? It’s not happening. Number one, it was past discovery cutoff. It’s been done after discovery cutoff, it’s discovery, he’s not an expert. You’re not going there.” The trial court prohibited Kellner from testifying to either his actual measurements or his estimate of the distance between the two points.
I believe the trial court erred when it excluded the evidence. The majority makes no effort to defend the trial judge’s view that an expert is required to measure a distance of one hundred or so feet. Lay witnesses may generally testify as to both distance and speed. Chesser v. State, 30 So.3d 625, 627-28 (Fla. 1st DCA 2010) (citing Charles W. Ehrhardt, Ehrhardt’s Fla. Evidence § 701.1 at 668-71 (2008 ed.)). Expert testimony would be required to measure the distance between, for example, the earth and the moon, since that measurement is outside the ordinary experience of most witnesses and jurors. However, measuring distances of one hundred feet or so is well within the common experience of most people and does not require expert testimony.
Instead, the majority concludes that the trial court properly excluded the testimony because of a perceived discovery violation. *1051 I am not persuaded that any discovery violation occurred. That Kellner would testify to the circumstances of the crash and the observations he made regarding the accident scene should have come as no surprise. And, as David’s counsel candidly admitted, Kellner was never asked at deposition or otherwise during discovery about the dimensions or the configuration of the accident scene. This is not a situation where a witness said one thing at deposition, and then changed his answer at trial. Here, the question was never asked. For a party to claim unfair surprise, he or she must have exercised reasonable diligence to protect himself or herself from such surprise by making use of the available discovery devices. Passino v. Sanburn, 190 So.2d 61, 63-64 (Fla. 3d DCA 1966); Bowen v. Manuel, 144 So.2d 341 (Fla. 2d DCA 1962). That did not occur here.
The majority is correct that the Binger opinion provides guidance for analyzing the trial court’s exclusion of testimony that should have been disclosed during discovery. However, the majority misapplies the Binger factors to this case. Binger held that the primary consideration for the trial court when confronting a discovery violation is “a determination as to whether use of the undisclosed witness [or testimony] will prejudice the objecting party. Prejudice in this sense refers to the surprise in fact of the objecting party, and it is not dependent on the adverse nature of the testimony.” 401 So.2d at 1314 (footnotes omitted).
If we assume, as the majority does, that a discovery violation occurred, then Binger would require the trial judge to determine the procedural, not substantive, prejudice to the objecting party (although here, the objecting party was the trial court). The trial court did not do so. It made no inquiry regarding prejudice or David’s ability to cure the prejudice as Binger requires. In my view, the trial court erred when it concluded that there was a discow ery violation, when it failed to determine how David was prejudiced, and by failing to determine if David could have cured the prejudice. I suspect it would have been easy to have Stokes, or some other representative, go to the scene of the accident and measure the distance on David’s behalf.
There is no doubt that Kellner was primarily, if not exclusively, responsible for this collision. But- depriving him of his main defense, David’s alleged comparative negligence, unfairly tilted the balance against Kellner. I believe a new trial on liability is warranted.