DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HERITAGE PROPERTY & CASUALTY INSURANCE COMPANY,**
Appellant,

v.

**BROOKS KILLMEYER** and **MARY MARGARET KILLMEYER,**
Appellees.

No. 4D2022-1298

[February 28, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. CACE19-008990.

Daniel M. Schwarz and Kara Rockenbach Link of Link & Rockenbach, P.A., West Palm Beach, for appellant.

Earl I. Higgs, Jr. of Higgs Law, P.A., Orlando, for appellees.

CONNER, J.

The insurer, Heritage Property & Casualty Insurance Company, appeals a final judgment in favor of the insureds, arguing that under *Binger v. King Pest Control*, 401 So. 2d 1310 (Fla. 1981), the trial court erred at trial by allowing: (1) a surprise fact witness to testify that a sworn proof of loss was sent to the insurer when neither the witness nor the proof of loss was disclosed as required by the order setting trial; and (2) the insureds' expert witness to testify about an undisclosed opinion on damages. We agree with the first argument and reverse for a new trial. We decline to address the second argument because we are remanding for a new trial, and we are confident that on retrial the issue is not likely to reoccur.

*Background*

After their home was damaged by a bathroom water supply line which failed, the insureds filed a claim with the insurer. The insureds also filed a separate claim concerning hurricane damage to their home. The water supply line damage claim is the subject of this appeal.

The insurer's desk adjuster sent a letter to the insureds and emailed a copy to the insureds' attorneys, requesting a sworn proof of loss for the water supply line loss and a loss repair cost estimate. The insurer later sent a second letter with the same request.

The insureds contend that on March 22, 2019, they signed a sworn proof of loss stating the net amount which they claimed was owed under the policy. They further contend a paralegal working for their attorneys emailed the proof of loss to the desk adjuster on April 3, 2019, along with a loss repair estimate prepared by their public adjuster.

The insurer did not respond to the email sending the proof of loss and contends it has no knowledge that the email was received.

Three years after the insureds filed the bathroom water supply line claim, the insureds sued the insurer for breach of contract. The insurer answered raising affirmative defenses. The fifth and sixth affirmative defenses alleged the insureds failed to provide a proof of loss as requested and required by the policy.

In a request for admissions, the insurer asked the insureds to admit or deny that prior to filing the complaint, the insureds did not respond to correspondence requesting a sworn proof of loss and loss repair estimate. The insureds denied that request for admission.

The trial court issued an order setting jury trial and establishing deadlines for the parties to file and serve lists identifying fact, expert, and rebuttal witnesses, as well as trial exhibits. Pertinent to this appeal, the insureds' exhibit list included: "Any and all correspondence" between the insureds or their attorneys and the insurer, its agents, or attorneys. The insureds' exhibit list did not specifically list the April 3, 2019 email transmitting the proof of loss and loss repair estimate, nor did the insureds' witness list include the paralegal who sent the email.[1]

Upon reviewing the insurer's proposed verdict form shortly before the trial began, the insureds' counsel realized the insurer was requesting a specific instruction as to whether the insureds provided a proof of loss to

---

[1] The record indicates the insurer received the two attachments to the email—the proof of loss and loss repair estimate—earlier in litigation, but not the email itself. The loss repair estimate was specifically listed in the insurer's pretrial exhibit list, and the insurer's corporate representative testified during trial that the insurer received the proof of loss during discovery.

2

the insurer. To provide evidence on that issue, the insureds served a last-minute trial subpoena on the insurer's desk adjuster, but the trial court quashed the subpoena as the desk adjuster was not specifically named as a witness by either party prior to trial.

The insureds called the insurer's corporate representative as a witness. The representative testified if the insurer had received an email containing the proof of loss and loss repair estimate, it would have sent a letter acknowledging receipt.

The insureds then requested to call the paralegal who had emailed the proof of loss and loss repair estimate to the insurer. The trial court, after initially denying the request because the paralegal had not been listed as a witness, eventually was persuaded to allow the paralegal to testify.

The paralegal then testified regarding his April 3, 2019 email to the insurer's desk adjuster attaching the proof of loss and loss repair estimate. The trial court permitted this testimony even though the insurer's counsel was not shown a printed copy of the email until immediately before the paralegal testified. In addition, from the record before us, it appears the insurer was never provided a full digital copy of the email.

The jury returned a verdict in the insureds' favor for an amount that was a few thousand dollars more than the public adjuster's initial loss repair estimate, but substantially less than the amount sought by the insureds. The jury specifically found the insurer failed to prove the insureds did not provide a sworn proof of loss for the claim.

After denying a motion for new trial raising the two grounds now raised on appeal, the trial court entered a final judgment in the insureds' favor. The insurer gave notice of appeal.

*Appellate Analysis*

"A trial court's decision to admit evidence, including a decision to admit allegedly new or surprise testimony, is reviewed for an abuse of discretion, as limited by the rules of evidence." *Gurin Gold, LLC v. Dixon*, 277 So. 3d 600, 603 (Fla. 4th DCA 2019).

The insurer argues the trial court erred by allowing the insureds to call their attorney's paralegal to testify that he sent the email containing the proof of loss and loss repair estimate required by the insurance policy. More specifically, the insurer claims it was surprised and therefore prejudiced by the paralegal's testimony, because the paralegal and the

documents about which he testified were not identified on the insureds' witness and exhibit lists in compliance with the order setting trial. The insurer seeks a new trial on appeal.

*Applicable Legal Principles*

To avoid trial by ambush and promote the "spirit" of the Florida Rules of Civil Procedure regarding discovery, our supreme court in *Binger* held that "a pretrial order directing the parties to exchange the names of witnesses requires a listing or notification of all witnesses that the parties reasonably foresee will be called to testify, whether for substantive, corroborative, impeachment or rebuttal purposes." 401 So. 2d at 1313. The court additionally held that "a trial court can properly exclude the testimony of a witness whose name has not been disclosed in accordance with a pretrial order." *Id.* The supreme court "vest[ed] in the trial judge the interpretation and enforcement of any pretrial order mandating witness disclosure, and limit[ed] reviewing courts to reversals only in cases of a clear showing of abuse prejudicial to the affected party." *Id.* In other words, the supreme court made clear the trial court has the discretion to interpret and enforce its pretrial orders; however, trial by ambush is not permitted.

In assessing whether an undisclosed witness should be permitted to testify at trial, the focus is on the potential prejudice to the objecting party. *Gurin Gold*, 277 So. 3d at 603 (citing *Binger*, 401 So. 2d at 1314). The standard for prejudice is "surprise in fact." *Id.*

"*Binger* provides the standard a court must follow when deciding whether to exclude the testimony of witnesses who were not disclosed according to a pretrial order." *Fritz v. Tower Hill Signature Ins. Co.*, 363 So. 3d 1111, 1112 (Fla. 4th DCA 2023). Regarding the discretion given to the trial court to admit or deny testimony from an undisclosed witness, the supreme court said:

> The discretion to do so must not be exercised blindly, however, and should be guided largely by a determination as to whether use of the undisclosed witness will prejudice the objecting party. Prejudice in this sense refers to the surprise in fact of the objecting party, and it is not dependent on the adverse nature of the testimony. Other factors which may enter into the trial court's exercise of discretion are: (i) the objecting party's ability to cure the prejudice or, similarly, his independent knowledge of the existence of the witness; (ii) the calling party's possible intentional, or bad faith,

4

noncompliance with the pretrial order; and (iii) the possible disruption of the orderly and efficient trial of the case (or other cases).

*Binger*, 401 So. 2d at 1314 (footnotes omitted). The listed prejudice factors relevant to this appeal are the insurer's ability to cure the prejudice and the insurer's independent knowledge of the existence of the witness.

In applying *Binger*, this Court has explained:

Once the trial starts the lawyers are engaged in the unfolding of the evidence they have already collected. That is why there are discovery cutoffs. All the discovery rules and the extensive efforts of parties to discover the other party's case would be for naught if one side were able to wait until after the trial started to establish key pieces of evidence . . . .

*Menard v. Univ. Radiation Oncology Assocs., LLP*, 976 So. 2d 69, 72 (Fla. 4th DCA 2008) (citation omitted); *Krysiak v. Dawson*, 301 So. 3d 259, 264 (Fla. 4th DCA 2020). Thus, the principles of *Binger* apply not only to the listing of witnesses, but also changes to expert testimony and listing of exhibits. *Krysiak*, 301 So. 3d at 265 (citing *Auto Owners Ins. Co. v. Clark*, 676 So. 2d 3, 4 (Fla. 4th DCA 1996), and *Colonnell v. Mitchels*, 317 So. 2d 799, 800-01 (Fla. 2d DCA 1975)). "As such, it is incumbent upon the trial court to analyze the[] *Binger* factors before exercising its discretion to admit or exclude late-disclosed exhibits or witness testimony." *Montero v. Corzo*, 320 So. 3d 976, 980 (Fla. 3d DCA 2021).

"[F]ailure to disclose the subject of witness testimony and documents that will be introduced into evidence in violation of discovery rules and court orders amounts to trial by ambush [and is] another way of saying a denial of due process." *J.S.L. Constr. Co. v. Levy*, 994 So. 2d 394, 399–400 (Fla. 3d DCA 2008) (citation omitted); *see also Reive v. Deutsche Bank Nat'l Tr. Co.*, 190 So. 3d 93 (Fla. 4th DCA 2015) (same). Moreover, mere reference to "any and all necessary" is insufficient for appropriate disclosure. *Binger*, 401 So. 2d 1313; *Montero*, 320 So. 3d at 979, n.9.

*Application of Legal Principles to This Case*

The insurer argues it suffered unfair prejudice from the paralegal's surprise testimony because the insurer had not seen the paralegal's email or known that the paralegal was going to be called to testify, and the insurer had no ability to cure the prejudice. The insurer contends the paralegal's testimony was powerful corroboration that a sworn proof of loss had been sent on this claim. The insurer further argues the insureds should have anticipated their need for the paralegal's rebuttal testimony and therefore should have listed him as a rebuttal witness. Additionally, the insurer argues unfair prejudice from surprise because the April 3, 2019 email was not disclosed as a trial exhibit.

The trial court, prior to allowing the paralegal to testify, noted the insureds had presented no admissible evidence that the sworn proof of loss and loss repair estimate were sent to the insurer. The insureds' counsel agreed.

The jury was tasked with determining whether the insureds failed to provide a sworn proof of loss. Thus, the question of whether the sworn proof of loss was sent to the insurer was included as a verdict form interrogatory.

We agree that allowing the paralegal to testify prejudiced the insurer as defined by *Binger*. When evaluating whether a party is surprised in fact, the *Binger* court looked to whether the identity of witness was known and then to whether the substance of the testimony was known. 401 So. 2d at 1314 (evaluating whether the objecting party "knew, of course, who he was and what he would say" (emphasis added)).

The insureds had not listed the paralegal as a witness as required by the order setting trial, and we conclude from our review of the trial transcript that neither party knew in advance that he would be testifying at trial. Thus, the identity of the paralegal as a witness was a surprise in fact to the insurer. Indeed, the insureds' attorney admitted that the paralegal's testimony "was unexpected" and was in rebuttal[2] to the testimony of the insurer's corporate representative.

_____

[2] As noted earlier, and as discussed in *Binger*, the parties are required to list "all witnesses that the parties reasonably foresee will be called to testify, whether for substantive, corroborative, impeachment or rebuttal purposes." 401 So. 2d at 1313 (emphasis added).

The <u>substance</u> of the paralegal's testimony (i.e., the transmission of the email to the desk adjuster attaching the proof of loss and loss repair estimate) was also a surprise and prejudiced the insurer. As the insurer's counsel argued at trial, the insurer had never seen the email prior to trial, and it had not been provided in discovery. If the email had been turned over in discovery, the insurer would have been able to address the email at trial.[3]

Apart from the paralegal's testimony, the insureds presented no evidence that they had sent the proof of loss and loss repair estimate, or that the paralegal's April 3, 2019 email was sent or received. The insurer's corporate representative testified the email containing the proof of loss and loss repair estimate was not received because the email was not in the claims file. The representative further testified that if the insurer had received an email containing the proof of loss, the insurer would have sent a response letter, which would also be in the claims file but was not. Notably, the paralegal affirmatively testified he did not receive a response to his email.

The ability of the objecting party to cure is evaluated at the time of the surprise testimony. *See, e.g., Dep't of Health & Rehab. Servs. v. J.B. by & through Spivak*, 675 So. 2d 241, 244 (Fla. 4th DCA 1996) ("HRS had no opportunity to obtain information or expert opinion to rebut the testimony of the witness and thereby cure the prejudice."). Presented with new evidence and testimony mid-trial, the insurer had no ability to cure. The insurer did not receive a copy of the email prior to trial. During trial, while the insureds' counsel may have shown a printed copy of the email to the insurer's corporate representative during his testimony, the email was not admitted into evidence. The insurer's counsel did not receive a copy of the email until the day after the insurer's objection to the paralegal's testimony and directly before the paralegal was to testify. It does not appear the insurer ever received a complete electronic copy of the email. Thus, the insurer was prejudiced because it was unable to examine the email to confirm its validity, much less locate an opposing witness prior to the paralegal's testimony.

*Conclusion*

Because the insurer was prejudiced—surprised in fact—by the identity of the paralegal as a witness and the substance of his testimony, without the ability to cure, and the prejudice was the result of the insureds'

---

[3] We note that although the insurer apparently received a printed copy of the email <u>mid-trial</u>, the appellate record does not contain a copy of the email.

7

actions, the trial court's decision permitting the paralegal to testify was harmful error.  Thus, we reverse and remand for a new trial.

*Reversed and remanded for new trial.*

KUNTZ and ARTAU, JJ., concur.

\*         \*         \*

**Not final until disposition of timely filed motion for rehearing.**