ORFINGER, R.B., J.
Appellants, Dario Mistri and San Remo Speciality Foods, Inc., appeal a final judgment entered in favor of Appellee, Joseph Rutigliano & Sons, Inc., an importer of *392 Italian food, in the amount of $20,971.64. Appellants primary contention on appeal is that the trial judge erred in excluding a document, allegedly generated by Rutigli-ano, demonstrating that the food products that were the subject of Rutigliano’s unpaid invoice were ordered by, and delivered to, Crisci’s Italian Foods, Inc. rather than Appellants.[1] Because we find no abuse of discretion in the trial judge’s decision to exclude the document that had not been disclosed during pretrial discovery or as required by the trial court’s pretrial order, we affirm.
A trial court has wide discretion in determining whether to admit the testimony of a witness or the introduction of an exhibit not disclosed pursuant to a pretrial order. Binger v. King Pest Control, 401 So.2d 1310, 1313-14 (Fla.1981). “Discretion, in this sense, is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.” Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980).
In the instant case, the document, of dubious authenticity, was not produced by Appellants during pretrial discovery, as requested by Rutigliano, nor was it listed as an exhibit by Appellants, as required by the court’s pretrial order. Appellants argue that because Crisci did not provide them with the document until the day before the trial, they could not produce or list it earlier. While that may be true, we find that argument unavailing because it does not mitigate the procedural prejudice accruing to Rutigliano arising from the late disclosure of the document under the facts of this case.[2] See Tomlinson-McKenzie v. Prince, 718 So.2d 394, 396 (Fla. 4th DCA 1998) (citing Binger, 401 So.2d at 1314).
Because we do not find that the trial court abused its discretion in excluding the undisclosed document and find no merit in the other issues raised by Appellants, the judgment is affirmed.
AFFIRMED.
PETERSON and SAWAYA, JJ., concur.

. Appellants and Crisci shared a warehouse where they stored food, and both made food purchases from Rutigliano. Crisci filed for bankruptcy protection, and was not a party to this action.

. This is particularly true given the trial judge's obvious scepticism regarding the authenticity of the document.